# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 4:19-cv-432-TDD-JFJ |
| v. | |
| RYAN K. JONES and TARAH F. JONES, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF
## THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Defendants Ryan K. Jones and Tarah F. Jones have not paid their federal income taxes for many years. They jointly and currently owe $247,768.52 for tax years 2012, 2013, 2014, and 2016. Additionally, Ryan K. Jones owes $585,883.74 for tax years 2001, 2002, and 2003. Because there are no genuine disputes as to any material facts and the United States is entitled to judgment as a matter of law, summary judgment should be entered against Defendants.

### Statement of Undisputed Material Facts

1. This is a civil action in which the United States seeks to reduce to judgment federal income tax, penalty, and interest assessments[1] made against defendant Ryan K. Jones for tax years 2001 through 2003 (Compl., ECF No. 1., Count I),[2] and federal income tax, penalty, and interest

---

[1] "As used in the Internal Revenue Code (IRC), the term 'assessment' involves a 'recording' of the amount the taxpayer owes the Government." *Hibbs v. Winn*, 542 U.S. 88, 100 (2004) (citing 26 U.S.C. § 6203). "The 'assessment' is 'essentially a bookkeeping notation.'" *Id*. (quoting *Laing v. United States*, 423 U.S. 161, 170, n.13, (1976)).

[2] The United States' Complaint also sought to reduce to judgment Ryan K. Jones' unpaid tax liabilities for tax years 1999 and 2000. However, during the course of this litigation, those liabilities were satisfied and therefore there is no longer a case or controversy with respect to tax years 1999 and 2000. (Brooks Decl., ¶ 9.) The liabilities for those tax years are now moot.

assessments made jointly against defendants Ryan K. Jones and Tarah F. Jones (together, "the Joneses"), for tax years 2012, 2013, 2014, and 2016 (*Id*., Count II).

2. Ryan and Tarah Jones are married and currently reside in Bartlesville, Oklahoma. (Decl. of Trial Attorney William Chang, Ex. 9: Ryan K. Jones Dep. Tr., pp. 6, 15.)

### *Tax Years 2001, 2002, and 2003 (Ryan K. Jones)*

3. Ryan K. Jones failed to file federal income tax returns (Forms 1040) for the 2001 through 2003 tax years, despite having sufficient income requiring him to do so.[3] (Decl. of IRS Revenue Agent Louis Jannacone, ¶ 7; Decl. of IRS Revenue Officer Advisor Billie Jo Brooks, ¶ 9; Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 71; 84:18.)

4. During the 2001 through 2003 tax years, Ryan K. Jones earned income by selling subscriptions to a software trading program called "Performance 1." (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 45-46; 46:1-3 ("It was a compounding program, so it presented a mathematical equation to help traders compound their trading."); Ex. 10: Ryan K. Jones' Am. Response to Interrog. No. 13 (earned income through "general consulting services and software subscriptions."))

5. For the 2001 through 2003 tax years, Ryan K. Jones admitted he had hundreds of customers who paid $49 a month for access to the Performance 1 software or a one-time $1,000 payment to buy the Performance 1 software outright. (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 52:15 (had customers "maybe in the low hundreds."); 52:20-21 ("I believe it was $49 a month, or they could buy it out for $1,000.").)

6. For the 2001 through 2003 tax years, Ryan K. Jones also admitted he earned income by

---

[3] 26 U.S.C. § 6012 requires individuals with gross income exceeding the sum of the standard deduction (26 U.S.C. § 63(c)) and personal exemption (26 U.S.C. § 151(d)) to file a federal income tax return.

selling subscriptions to trading newsletters and from royalties earned from the sale of copies of his published book, "The Trading Game." (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 56:1-10; 58:3-7.)

7. For each of the 2001 through 2003 tax years, Ryan K. Jones estimated that he earned $300,000 to $400,000 in gross income from his business activities (described in Paragraphs 4 through 6, above). (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 60-61; 61:12-13 ("it could be less, it could be a little more.").)

8. But Ryan K. Jones was unable to recall, and could not estimate, what his business expenses were for any of these tax years. (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 62:12-63:3 ("I would be totally shooting in the dark.").)

9. Ryan K. Jones does not have any documents identifying or evidencing his income and business expenses for the 2001 through 2003 tax years. (Chang Decl., Ex. 11: Ryan K. Jones' Am. Response to the United States' Request for Production No. 5 ("Defendant has no such documents [about income or expenses] as this pertains to information going as far as 23 years back."))

10. In fact, the "sole document" that Ryan K. Jones is relying upon in his defense of this case "is the United States Constitution itself, including all of its Amendments and the endless number of documents involved in its history." (Chang Decl., Ex. 11: Ryan K. Jones' Am. Response to the United States' Request for Production Nos. 1, 6.)

11. In his deposition held in this case, Ryan K. Jones explained his failure to file income tax returns as follows: according to him, there is no law that requires him to maintain a Social Security Number and the IRS refuses to accept any return without a Social Security Number. (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp.71-72; 74:9-12 ("I did not file because … there

is no law that required me to have a Social Security Number, so I chose not to have it, but then the IRS refused to accept any return without one.").)

12.  Ryan K. Jones alleges that he did not maintain a Social Security Number during these years and "dissociated" himself from his Social Security Number.[4]  (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 72-73.)

13.  Ryan K. Jones alleges (without any evidentiary support) that he subsequently offered to file his past due tax returns, but only if the IRS would accept the returns without a Social Security Number, which the IRS allegedly declined to do.  (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 80:5-17; 82:16-18 ("If [the IRS] could provide me a way to file a return without using a Social Security number, I would be happy to comply."); 82:21-22 ("Anything that would not have required me to put in a Social Security Number.").)

14.  However, at no point did Ryan K. Jones ever complete and file his past due federal income tax returns, even without including a Social Security Number.  (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 82:6-13; 85:10-12.)

---

[4]  Courts have resoundingly rejected attempts by tax-defiers to disavow themselves from their Social Security Numbers.  *See United States v. Kaun*, 633 F. Supp. 406, 408, 412, 416 (E.D. Wis. 1986) (promoter of tax-defier false or fraudulent schemes to avoid payment of taxes enjoined) (example was tax-defier's contention that having a social security number "makes you a taxpayer by your own admission, and that's why you should get rid of your Social Security number, so you no longer are considered a taxpayer;" earlier in opinion the court explained that it was compelled "to issue an injunction against the further dissemination of [such] 'unmistakable claptrap.'"), *aff'd*, 827 F.2d 1144 (7th Cir. 1987); *cf. Damron v. Yellow Freight System, Inc*., 18 F. Supp. 2d 812, 830 (E.D. Tenn. 1998) (rejecting as "ludicrous and preposterous" the "tax protestor" plaintiff's attempt to "bootstrap his way into a Title VII national origin discrimination claim by arguing that he has been subjected to employment discrimination for attempting to exercise his alleged 'right' … to unilaterally rescind or revoke his assigned Social Security Number when no such right exists under federal law."); *id*. at 820 ("the Court through independent research has not found any competent legal authority which allows Damron to unliterally rescind and revoke his Social Security number at his discretion … especially where Damron admits he has been gainfully employed within the United States and has been earning wages.").

15. The IRS assigned a revenue agent to conduct an examination of Ryan K. Jones' federal income tax liabilities for the 2001, 2002, and 2003 tax years. (Jannacone Decl., ¶ 6.)

16. The IRS revenue agent determined Ryan K. Jones' income based upon information received in response to administrative summonses issued to clients, banks, and third-party contacts. (Jannacone Decl., ¶ 6; Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 85:12-13; 88:17-21; Ex. 12: Ryan K. Jones' Proposed Am. Answer (Paragraph 30), ECF No. 34-1 (IRS agent "began to issue summonses to banks, clients of Mr. Jones, friends, business associates and others regarding all financial matters related to Mr. Jones' business activities between the years [2001]-2003.").[5])

17. At his deposition in this case, Ryan K. Jones admitted that the IRS gathered all the information necessary to determine his income tax liabilities for the years at issue. (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 85:12-13; 88:17-21 ("all information necessary was obtained through [the summonses]"); Ex. 12: Ryan K. Jones' Proposed Am. Answer (Paragraph 31), ECF No. 34-1.)

18. The IRS issued a Notice of Deficiency, dated October 9, 2008, to Ryan K. Jones regarding the 2001, 2002, and 2003 tax years, which he did not challenge in Tax Court by filing a petition for a redetermination of the deficiency.[6] (Jannacone Decl., ¶ 5.)

---

[5] The Court denied Ryan K. Jones' motion for leave to amend his answer. *See* August 23, 2022 Order, ECF No. 46. However, the factual admissions contained therein constitute statements of an opposing party under Fed. R. Evid. 801(d)(2)(A) and are therefore admissible as evidence. *See Jordan v. Binns*, 712 F.3d 1123, 1128-29 (6th Cir. 2013). Alternatively, these statements are admissible under Fed. R. Evid. 801(d)(2)(C) and (D) because they were made by Mr. Jones' attorney in a representational capacity in this litigation. *See Nationwide v. Waddell,* 2006 WL 8446055, at *3 (M.D. Georgia 2006) (collecting cases admitting opposing party's attorney's statements under both rules).

[6] The notice of deficiency is "the 'ticket' to the Tax Court that allows the taxpayer to challenge the [deficiency] before paying it." *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992). If the

(continued...)

19.  Accordingly, on March 2, 2009, a delegate of the Secretary of Treasury made income tax, penalty, and interest assessments against Ryan K. Jones as follows:

| Tax Year | Assessment Date | Assessment Amount | Assessment Type |
|---|---|---|---|
| 2001 | 03/02/2009 | $151,686.00<br>$6,061.92<br>$34,129.35<br>$37,921.50<br>$96,594.92 | Income tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Penalty<br>Interest |
| 2002 | 03/02/2009 | $49,243.00<br>$1,645.57<br>$11,079.68<br>$12,310.75<br>$26,268.42 | Income tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Penalty<br>Interest |
| 2003 | 03/02/2009 | $20,664.00<br>$533.16<br>$4,649.40<br>$5,166.00<br>$9,421.16 | Income tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Penalty<br>Interest |

(Brooks Decl., ¶ 9).

20.  The IRS gave Ryan K. Jones notice of the assessments referenced in Paragraph 19 above and made demands for payment on or about the date of the assessments.  (Brooks Decl., ¶ 10.)

21.  Attached to the Declaration of IRS Revenue Officer Advisor Billie Jo Brooks as Exhibits 1, 2, and 3, are true and correct copies of IRS certified Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for Ryan K. Jones' federal income tax liabilities for tax years 2001, 2002, and 2003, respectively.[7]  These documents evidence the dates,

---

taxpayer does not  petition the Tax Court within 90 days after the mailing of the notice of deficiency, the Service may thereafter record the tax liability through (as stated earlier) a book-keeping notation known as an "assessment."  26 U.S.C. §§ 6213(c); 6201(a)(1); 6203; *Laing v. United States*, 423 U.S. 161, 170 n.13 (1976); *Guthrie*, 970 F.2d at 735.

[7]  The Forms 4340 are partially redacted with respect to Ryan K. Jones' social security number, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.

amounts, and types of the assessments made against Ryan K. Jones, as well as any payments collected. (Brooks Decl., ¶ 8; Exs. 1-3.)[8]

22. Despite notice and demand for payment, large amounts of Ryan K. Jones' federal income tax liabilities for tax years 2001 through 2003 remain unpaid. The balance owed as of March 30, 2023, is **$585,883.74**. This amount includes interest that has accrued up to that date.[9] (Brooks Decl., ¶ 12; Ex. 8.)

### *Tax Years 2012, 2013, 2014, and 2016 (Ryan K. Jones and Tarah F. Jones)*

23. Ryan K. Jones alleges that he "reassociated" himself with his Social Security Number sometime in 2012. (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 83:1-4; 84:3-10.)

24. For tax years 2012, 2013, 2014, and 2016, Ryan K. Jones and Tarah F. Jones filed joint federal income tax returns (Forms 1040) with the IRS. On each of these returns, the taxpayers

---

[8] Many courts have recognized IRS Forms 4340. *See, e.g., United States v. Meyer*, 914 F.3d 592, 594 (8th Cir. 2019) (An "IRS Form 4340 . . . is a computer generated form that reflects the taxes assessed to and paid by the taxpayer in a particular year.") (quoting *United States v. Jimenez*, 513 F.3d 62, 79 n.4 (3d Cir. 2008)). *See also United States v. Taylor*, 757 Fed. Appx. 194, 196 (3d Cir. 2018) (The Form 4340 "shows, among other things, the IRS's determination of Taylor's income, its determination of his tax liability with penalties and interest, and the dates on which it sent Taylor notices of the balances due. Thus, that form supports the IRS's assessment."); *Long v. United States*, 972 F.2d 1174, 1181 n.8 (10th Cir. 1992) ("[A] Form 4340 is a transcript that specifies that name of the taxpayer, the taxpayer's address, social security number, type and amount of tax involved, and the date of each assessment."). The Forms 4340 do not, however, include unassessed statutory interest that continues to accrue as a matter of law. *United States v. McMahan*, 2008 WL 5114651 at * 3 (S.D. Tex. 2008); *see also O'Brien v. United States*, 2010 WL 3636171 at * 6 & n. 1 (D. Nev. 2010).

[9] Because statutory interest accrues on unpaid assessments as a matter of law, *see* 26 U.S.C. § 6601(a), "the Government does not have to assert or prove the amount of interest at trial." *United States v. Hammon*, 277 F. App'x 560, 569 (6th Cir. 2008). Nonetheless, the United States provides the declaration of Revenue Officer Advisor Brooks and the IRS payoff calculator to demonstrate the total balances owed, including accrued but unassessed interest, as of March 30, 2023. (Brooks Decl., Ex. 8.)

self-reported owing tax but failed to pay what they reported as owed. (Brooks Decl., ¶¶ 13, 15; Exs. 4-7; Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 92:17-22; 93:6-12.)

25. As a result, on the dates specified below, a delegate of the Secretary of Treasury made income tax, penalty, and interest assessments against Ryan K. Jones and Tarah F. Jones as set forth below:[10]

| Tax Year | Date of Assessment | Assessment Amount | Assessment Type |
|---|---|---|---|
| 2012 | 01/11/2016 | $6,259.00<br>$535.58 | Income Tax<br>Interest |
| 2013 | 06/22/2015 | $8,476.00<br>$1,008.22<br>$366.07<br>$183.27 | Income Tax<br>Late Filing Penalty<br>Failure to Pay Penalty<br>Interest |
| 2014 | 06/15/2015 | $19,068.00<br>$190.68<br>$95.84 | Income Tax<br>Failure to Pay Penalty<br>Interest |
| 2016 | 11/20/2017 | $150,000.00<br>$5,233.52<br>$3,177.92 | Income Tax<br>Failure to Pay Penalty<br>Interest |

(Brooks Decl., ¶ 14.)

26. The IRS gave Ryan K. Jones and Tarah F. Jones notice of these assessments and made demands for payment on or about the date of the assessments. (Brooks Decl., ¶ 16.)

27. Attached to the Declaration of IRS Revenue Officer Advisor Billie Jo Brooks as Exhibits 4, 5, 6, and 7, are true and correct copies of IRS certified Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for Ryan K. Jones and Tarah F. Jones' joint federal income tax liabilities for tax years 2012, 2013, 2014, and 2016, respectively. These

---

[10] When a taxpayer self-reports a liability on his or her income tax return, the IRS does not issue a notice of deficiency because the taxpayer has self-assessed and a delegate of the Secretary of the Treasury records the self-assessment. *See Kannry v. Comm'r of Internal Revenue*, 788 F. App'x 88 (2d Cir. 2019) (explaining that a notice of deficiency is not required where a statutorily defined "deficiency" does not exist, and that "there is no 'deficiency' where, as here, the taxpayer has self-reported an amount due on his or her return and failed to pay that amount.") (citing *Laing v. United States*, 423 U.S. 161 (1976)).

documents evidence the dates, amounts, and types of the assessments made against the Joneses, as well as any payments collected.  (Brooks Decl., ¶ 13; Exs. 4-7.)

28. Despite notice and demand for payment, large amounts of Ryan K. Jones and Tarah F. Jones' joint federal income tax liabilities for tax years 2012, 2013, 2014, and 2016 remain unpaid. The balance owed as of March 30, 2023, is **$247,768.52**.  This amount includes interest that has accrued up to that date.  (Brooks Decl., ¶ 18; Ex. 8.)

### Legal Standard

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Estate of Taylor v. Salt Lake City*, 16 F.4th 744, 756 (10th Cir. 2021) (citation and internal quotation omitted).  In deciding a motion for summary judgment, the court views the record in the light most favorable to the non-moving party.  *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).  "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990) (quoting *Celotex*).

### Discussion

The United States seeks to reduce to judgment federal income tax, penalty, and interest assessments made against defendant Ryan K. Jones for tax years 2001, 2002, and 2003 (Count I), and federal income tax, penalty, and interest assessments made jointly against defendants Ryan K. Jones and Tarah F. Jones (together, "the Joneses"), for tax years 2012, 2013, 2014, and 2016

(Count II). As stated and supported above, a delegate of the Secretary of Treasury made federal income tax, penalty, and interest assessments against Ryan K. Jones for tax years 2001 through 2003, and federal income tax, penalty, and interest assessments against the Joneses for tax years 2012, 2013, 2014, and 2016. These tax assessments are evidenced by the Declaration of IRS Revenue Agent Louis Jannacone, the Declaration of IRS Revenue Officer Advisor Billie Jo Brooks, and the certified IRS transcripts of account attached thereto as Exhibits 1 through 7 (collectively, the "Forms 4340").[11] As explained below, these assessments are presumptively correct, and discovery has shown that the Joneses cannot raise a genuine dispute of any material fact as to these assessments.

Tax assessments are presumptively correct and valid. *See, e.g, United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness"). The government can show that an assessment was properly made by providing a Form 4340, Certificate of Assessments and Payments, for the tax year at issue. *March v. United States*, 335 F.3d 1186, 188 (10th Cir. 2003) (noting that Forms 4340 "are presumptive proof of a valid assessment") (citing *Guthrie*, 970 F.2d at 737); *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992) ("For purposes of granting summary judgment, a Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by [law and regulations].").

---

[11] A certified IRS transcript of account is admissible under Rules 803(6), 803(8), 902(1), and 1005 of the Federal Rules of Evidence. This document is a business record and a public record and meets the requirements set forth in both Rule 803(6) and Rule 803(8). Moreover, as a domestic public document under seal, or a certified copy of a public record, the document is self-authenticating. Fed. R. Evid. 902(1) and (4), and 1005. *See also United States v. Wilson*, 347 Fed. Appx. 987, 992 (5th Cir. 2009); *United States v. Boyce*, 148 F.Supp.2d 1069, 1088 (S.D. Cal. 2001) (citing cases); *United States v. Springer*, 2010 WL 830614, at *14 (N.D. Okla. 2010) ("Forms 4340 are certified under seal and, thus, are self-authenticating under Fed. R. Evid. 902(1).") (citing *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992)).

Once the government has shown that a presumptively correct assessment was made, the taxpayer must then prove by a preponderance of evidence that the assessment was erroneous, *i.e.*, that he does not owe the tax claimed by the government. *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1186 (10th Cir. 1980); *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006) ("Once the Form [4340] is provided, the taxpayer must then prove that the assessment is erroneous in order to prevail.") (citation omitted). On a motion for summary judgment this apportionment is critical because when the moving party does not have the burden of proof on an issue, the non-moving party must provide specific facts showing that there is a genuine dispute of material fact with respect to that issue. *See Applied Genetics*, 912 F.2d at 1241. "If the taxpayer cannot rebut his presumptive liability, the trial court is justified, in fact required, to enter summary judgment for the amount of the taxes proved to be due." *United States v. Lovely*, 420 F. Supp. 3d 398, 405 (M.D.N.C. 2019) (internal citations omitted); *see also Guthrie*, 970 F.2d at 737–38 (affirming district court's grant of summary judgment in favor of the government based on the government's provision of Forms 4340 and the taxpayer's lack of contrary evidence); *United States v. Dixon*, 672 F. Supp. 503, 507 (M.D. Ala. 1987), *aff'd*, 849 F.2d 1478 (11th Cir. 1988) (granting the government's motion for summary judgment where the taxpayer offered no evidence contradicting the assessments). Here, the United States has presented proof of valid tax assessments, and the Joneses are unable to rebut the presumptive correctness of those assessments.

### Tax Years 2001, 2002, and 2003 (Ryan K. Jones)

The assessments made against Ryan K. Jones for tax years 2001, 2002, and 2003 were the result of a thorough examination by the IRS of Ryan K. Jones' income tax liabilities. The IRS analyzed information received in response to summonses issued to Ryan K. Jones' clients, banks, and third-party contacts to determine his income for each of these years. (Jannacone Decl. ¶ 6; *see*

*also* Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 85:12-13; 88:17-21.)  This was a "rationally based" and, therefore, appropriate method for estimating Ryan K. Jones' income.  *Palmer v. United States*, 116 F.3d 1309, 1312 (9th Cir. 1997) (citation omitted); *see also United States v. Gosnell*, 961 F.2d 1518, 1520 (10th Cir. 1992) ("Because [the taxpayer] kept inadequate records, the government was entitled to reconstruct his income and expenses, using estimates if necessary."); *Greene v. United States*, 2016 WL 1644008, at *4 (D. Ariz. 2016) (Because the taxpayer "did not present the Court with any evidence showing that he maintained adequate books and records … the Court finds that it was reasonable for the IRS to use an indirect method, *i.e.*, the bank deposits method, to reconstruct [his] income.").[12]

Ryan K. Jones' deposition testimony confirms that he earned $300,000 to $400,000 in gross income during each of these years from the sales of his "Performance 1" trading software, newsletter subscriptions, and royalties earned from the sale of copies of his published book. (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 60-61; 61:12-13.)  He further testified that he would be "totally shooting in the dark" if he had to estimate his business expenses for any of these tax years.  (Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., p. 62:21.)[13]  He also admits that he does **not** have **any** documents evidencing his income or his business expenses for these tax years.[14]

---

[12] Taxpayers are required to maintain records that show or establish income, as well as deductions or credits.  *See* 26 U.S.C. § 6001; 26 C.F.R. 1.6001-1.

[13] It is well-established that "an income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer."  *See INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992).

[14] A judicial doctrine known as the *Cohan* rule (*Cohan v. Comm'r*, 39 F.2d 540, 544 (2d Cir.1930) (L. Hand, J.)) permits a taxpayer to claim business  deductions "even where the taxpayer has failed to show the exact amount of the deduction, so long as the evidence shows that the taxpayer is entitled to the deduction, and there is sufficient evidence in the record from which the Court may estimate the exact amount."  *Trigon Ins. Co. v. United States*, 234 F. Supp. 2d 581, 588 (E.D. Va. 2002).  Here, although it is possible and perhaps likely that Ryan K. Jones incurred some business

(continued...)

(Chang Decl., Ex. 11: Ryan K. Jones' Am. Response to the United States' Request for Production No. 5.)

"In a suit brought by the government to collect taxes resulting from unreported income, the government generally establishes a *prima facie* case when it shows a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises." *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (citations omitted); *see also Fior D'Italia,* 536 U.S. at 242-43; *United States v. Janis*, 428 U.S. 433, 440-41 (1976); *Long v. United States*, 972 F.2d at 1181. Put another way, the presumption of correctness "attaches to the Commissioner's assessment, once some substantive evidence is introduced demonstrating that the taxpayer received unreported income." *McMullin*, 948 F.2d at 1192 (citations omitted).

Here, as explained above, the certified transcripts of account for tax years 2001, 2002, and 2003 demonstrate the correctness of the assessments and their amounts.[15] The United States has also established Ryan K. Jones' admissions that he earned substantial income in 2001, 2002, and 2003; that he did not report that income to the IRS or pay taxes on it; and that the IRS gathered, by summonses issued to third parties, the information necessary to make tax assessments against him. This far exceeds the minimal evidentiary showing required by *McMullin*. *See United States v. Carter*, 2014 WL 2925069, at *5 (D.N.M. 2014), *aff'd*, 606 F. App'x 464 (10th Cir. 2015) (holding that Certificates of Assessment and taxpayer's admissions that he received unreported income but refused to pay taxes on that income "met the *McMullin* test" and the government was

---

expenses, the fact that he has **no** records or evidence that would allow for a reasonable estimate of those expenses means that the *Cohan* rule does not apply and, therefore, he may not claim deductions for the years in issue. *See Plisco v. United States*, 306 F.2d 784, 787 (D.C. Cir. 1962) ("Here there are no reliable figures from which to calculate or extrapolate a reasonable estimate of appellants' losses and expenses. Hence we think *Cohan* is inapposite.").

[15] The assessments were also timely made, because when a taxpayer does not file a return, a tax may be assessed "at any time." 26 U.S.C. § 6501(c)(3).

therefore entitled to judgment in its favor); *United States v. Neilson*, 986 F.2d 1430 (10th Cir. 1992) (unpublished) (holding that judgment in the government's favor was warranted where the government provided the certificates of assessment and taxpayer testimony, and the taxpayer "produced no evidence to challenge the information reflected on the assessments").

Once a presumption of correctness has attached to an assessment of unreported income, "[t]his presumption will permit judgment in the [government]'s favor unless the opposing party produces substantial evidence overcoming it." *McMullin*, 948 F.2d at 1192 (internal citations omitted). As Ryan K. Jones has no documents evidencing his income or expenses for tax years 2001, 2002, and 2003 and no recollection of what his business expenses were for those years, he cannot produce *any* evidence to rebut the presumption, let alone meet his burden of producing "substantial evidence." *See id.*

Because Ryan K. Jones cannot rebut the presumption of correctness as to his unpaid tax liabilities for tax years 2001 through 2003, there is no genuine dispute of material fact as to his liabilities for those years and therefore the United States is entitled to summary judgment on Count I of its Complaint. *See*, *e.g.*, *United States v. Cabelka*, 766 F. Appx. 57, 61 (5th Cir. 2019) (affirming the district court's grant of summary judgment to the United States because the taxpayer "failed to carry his burden that the Commissioner's income tax assessments were erroneous, and thus he did not rebut the attendant legal presumption of validity.") (collecting cases). The unpaid balance of the assessed liabilities for Ryan K. Jones' federal income taxes, penalties, and interest for tax years 2001, 2002, and 2003 is **$585,883.74**, as of March 30, 2023, plus interest that will continue to accrue from that date.

***Tax Years 2012, 2013, 2014, and 2016 (Ryan K. Jones and Tarah F. Jones)***

The United States has also presented proof of valid tax assessments against Ryan K. Jones and Tarah F. Jones for tax years 2012, 2013, 2014, and 2016 by submitting the Forms 4340 for those tax years. These income tax assessments were based upon income tax returns filed by the Joneses which self-reported their taxable income for each of these tax years. (Brooks Decl., ¶ 15; Exs. 4-7; Chang Decl., Ex. 9: Ryan K. Jones Dep. Tr., pp. 92:17-22; 93:6-12.) Self reporting income tax liabilities constitutes an admission of those liabilities by the taxpayers. *See*, *e.g.*, *United States v. Cunningham*, 2006 WL 1628010, at *5 (E.D. Cal. 2006) (granting the United States' motion for summary judgment and finding that, even when viewing the evidence in a light most favorable to defendants, the defendants' self-reporting of tax liabilities on some of their returns showed that they at least partially admitted some of their tax liabilities). The accounting of the current balances owed on these liabilities includes partial payments made by the Joneses at various points in time. The Joneses do not dispute the validity of these assessments, as explained above, and have not offered any evidence to undermine the validity of the assessments. Because the Joneses cannot rebut the presumption of correctness as to their tax liabilities for tax years 2012, 2013, 2014, and 2016, the United States is also entitled to summary judgment on Count II. *See*, *e.g.*, *Cabelka*, 766 F. App'x. at 61. The unpaid balance of the assessed liabilities for Ryan K. Jones and Tarah F. Jones' federal income taxes, penalties, and interest for tax years 2012, 2013, 2014, and 2016 is **$247,768.52**, as of March 30, 2023, plus interest that will continue to accrue from that date.

## Conclusion

For the foregoing reasons, summary judgment should be granted to the United States and against Defendants.

Dated: March 30, 2023

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney
Northern District of Oklahoma

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ William Chang*
WILLIAM CHANG
D.C. Bar No. 1030057
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-307-1927 (v)
202-514-6770 (f)
William.Chang3@usdoj.gov

*/s/ Elisabeth K. Kryska*
ELISABETH K. KRYSKA
Maryland Bar No. 2211280290
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-305-6717 (v)
202-514-6770 (f)
Elisabeth.K.Kryska@usdoj.gov

*Attorneys for Plaintiff*